[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence July 1, 1992 Date of Application July 1, 1992 Date Application Filed July 1, 1992 Date of Decision March 25, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain, at Hartford.
Docket Nos. CR 91-412588; CR 91-412589; CR 91-413818;
Martin Zeldis, Esq., Defense Counsel, for Petitioner.
Paul Rotiroti, Esq., Assistant State's Attorney, for the State.
SENTENCE AFFIRMED. BY THE DIVISION:
The petitioner, then 29 years of age was convicted in D.N. 412588 following a trial by jury of robbery 1st degree (53a-134
(a)(4) and larceny 2nd degree (52a-123 (a)(3). Following the jury verdict he entered guilty pleas in DN 413818 to robbery 2nd degree (53a-135 (a) and attempted robbery 2nd degree in D.N. 412589 (53a-49 and 53a-135 (a).
He was sentenced in D.N. 412588 to a term of 8 years on the robbery 1st degree count and a concurrent 1 year term to the larceny count. In the remaining two cases, he was sentenced to terms of 4 years in each, to run consecutively to each other and consecutively to the 8 year term, for a total effective sentence of 16 years.
The factual scenarios in each of the crimes are similar. The petitioner would enter a convenience store, threaten the use of what he represented by words or actions to be a firearm and obtain money from the store employee (or in the one case attempt CT Page 4076 to do so).
The petitioner has a criminal record which includes convictions for tampering with a motor vehicle, criminal mischief, criminal trespass, burglary (2 convictions), and assault (2 convictions).
At the time of the offenses involved here, he was on probation for burglary, 3rd degree with 3 year suspended sentence. He was in "violation status" at the time for failing to report as directed.
He attributes these crimes to a heroin addiction.
In asking for a modification, defense counsel states that the bag used by the petitioner to indicate a weapon actually held a curtain rod and that he, in fact, was not armed. He posits that 4 years for each crime would be appropriate under all the circumstances, including that those crimes were the result of substance addiction and not the result of careful methodical planning.
The Court, however, was faced with a defendant with a lengthy record, whose crimes were escalating in seriousness, who had intimidated and frightened store clerks who could reasonably assume they were in some danger, who had not been cooperating with his probation officer and who had falsely convinced a substance abuse counselor that he was an alcoholic, in order to get Antabuse which masked illegal drugs in urine tests he took.
This was not the record and background of a person likely to cooperate with rehabilitative efforts. In fact, the Court had ample reason to conclude that his criminal behavior would predictably continue if he had the opportunity, and that public protection was a principle consideration in the sentencing division.
Reviewing this petition pursuant to P.B. § 942, the sentence is found to be appropriate and reasonable.
It is AFFIRMED.
LAWRENCE C. KLACZAK, J.
JOSEPH J. PURTILL, J. CT Page 4077
RAYMOND R. NORKO, J.
Purtill, Klaczak, and Norko, J.s, participated in this decision.